**EXECUTIVE FLITEWAYS INC., Federal Insurance Company and the Associated Aviation Underwriters, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. CV–88–2514 (JBW).**

United States District Court, E.D. New York.

May 5, 1989.

Katten Nuchin & Zavis by Edward Griffith, New York City, for plaintiffs.

Torts Branch, Civ. Div., U.S. Dept. of Justice by Colleen L. Conlin, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

The plaintiffs, Executive Fliteways Inc., Federal Insurance Co. and Associated Aviation Underwriters, bring this action seeking a declaratory judgment against the United States that it is not liable, under the "Indemnify and Hold Harmless" clause of their contract, for the negligence of air traffic controllers. 28 U.S.C. § 2201 and 2202.

Both parties move for summary judgment. They have stipulated to all material facts, agree that there is no parole evidence, and request that the case should be decided without trial.

### I. Facts

The United States contracted with Associated Universities Inc. to manage and operate the Brookhaven National Laboratory on Long Island. Associated then contracted with Executive Fliteways to furnish all personnel, facilities materials and equipment necessary to operate and maintain the plane used by Brookhaven. The contract contained a clause stating:

> The contractor [Executive] will defend, hold harmless and indemnify the government of the United States ... and their respective officers, agents ... from and against any and all liability, including all losses and damages and any expense connected therewith arising out of or connected with *the work*, (excepting only liability arising from affirmative acts, done with intent to cause loss, damage or injury, by the Government ... or employees ...).

(Emphasis added). The contract defines the work as providing "all personnel facilities, materials and equipment as required to operate and maintain a beechcraft ... aircraft."

On November 8, 1987 the airplane, while flying near Baltimore, Maryland, crashed. One person was killed and three others were injured.

It is claimed that federal air traffic controllers were at fault. Plaintiffs contend that they are not liable under the contract to defend or indemnify the United States for liability arising from actions unrelated to the United States operation of Brookhaven, namely the negligence of federal air traffic controllers in Maryland.

### II. Analysis

The defendant urges that this court construe the phrase "connected with the work" so broadly so as to include the negligence of federal air traffic controllers. Such a reading would expose the plaintiffs to almost limitless potential liability. It contravenes the plain meaning of the contract.

### III. Conclusion

Plaintiffs are not obligated to defend and hold harmless the United States for the negligence of federal air traffic controllers. No costs or disbursements are allowed. This constitutes a final judgment.

So Ordered.